```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                      **NO. 09-184**

**KEVIN LEWIS**                                 **SECTION "B"(5)**

**ORDER**

Petitioner, Kevin Lewis, on February 28, 2014, filed a 28 U.S.C. § 2255 Motion to Vacate before the Court. Petitioner's original petition and supplemental memoranda and exhibits comprised more than 350 pages.[1] On November 6, 2014, this Court issued a 40-page Opinion, fully addressing all of Petitioner's claims and contentions, denying the Motion to Vacate, and dismissing Petitioner's post-conviction application with prejudice.[2]

On December 11, 2014, Petitioner filed a Fed. R. Civ. P. 59(e) Motion to Alter or Amend Judgment, which the Court dismissed as untimely.[3] On December 15, 2014, Petitioner filed a Motion to Enter Judgment under the parallel civil action number, which the Court denied.[4] On December 24, 2014, Petitioner filed a Motion for Abeyance of Final Judgment with Right to Appeal, which was docketed as Petitioner's Notice of Appeal from this

---

[1] Rec. Docs. No. 130, 133, 137, 142, 144, 146.
[2] Rec. Doc. No. 156, 157.
[3] Rec. Doc. No. 158, 167.
[4] Rec. Doc. No. 159, 166.

1

Court's November 6 Opinion.[5] On December 29, 2014, Petitioner filed a Motion for Certificate of Appealability,[6] and on January 9, 2015, an Amended Motion for Certificate of Appealability.[7] The motion was denied by the Court.[8]

Subsequently, on January 23, 2015, Petitioner filed a Motion for Leave to Supplement Motion to Reconsider under Rule 59(e).[9] On February 5, 2015, Petitioner filed a "Motion for Leave to Amend Motion to Reconsider under Rule 59(e) with motion to Subpoena Phone Records/Emails/and Attorney Visitation Logs."[10] The Court dismissed both motions as moot, in light of its prior order dismissing as untimely Petitioner's Rule 59(e) Motion.[11]

Now before the Court are Petitioner's *third* Motion for Certificate of Appealability,[12] and what the Court construes as Petitioner's *fourth* Motion to Reconsider.[13] Considering the Motion for Certificate of Appealability (Rec. Doc. No. 176), **IT IS ORDERED** that the motion is **DISMISSED** as **MOOT**. *See* Rec. Doc. No. 165.

---

[5] Rec. Doc. No. 161, 162.
[6] Rec. Doc. No. 160.
[7] Rec. Doc. No. 164.
[8] Rec. Doc. No. 165.
[9] Rec. Doc. No. 168.
[10] Rec. Doc. No. 170.
[11] Rec. Doc. No. 171.
[12] Rec. Doc. No. 176.
[13] Rec. Doc. No. 174.

Considering the Motion to Reconsider Rule 59(e) Motion to Alter or Amend Judgment under Rule 60(b)(1)(6), **IT IS ORDERED** that the Motion is **DISMISSED** as **MOOT** to the extent Petitioner seeks reconsideration pursuant to Rule 59(e), and **DENIED** to the extent Petitioner seeks reconsideration under Fed. R. Civ. P. 60(b). Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Petitioner fails to offer any evidence or arguments that merit reconsideration. Instead, Petitioner merely reiterates some of the very arguments that the Court considered and rejected in its original ruling.

The Court hereby informs Petitioner that any further motions, notices, exhibits, and correspondence filed by him, and unrelated to his appeal, will be stricken from the record as frivolous. *U.S. v. Kazemi*, 251 Fed. App'x 303 (5th Cir. 2007);

*Farguson v. MBankHouston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

New Orleans, Louisiana, this 23rd day of January, 2015.

                                                                                              UNITED STATES DISTRICT JUDGE