UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 09-184

KEVIN LEWIS                                  SECTION "B"

**ORDER AND REASONS**

Considering defendant Kevin Lewis' motion for compassionate release (Rec. Doc. 263), the government's response (Rec. Doc. 271), and defendant's reply (Rec. Doc. 272) and supplemental materials (Rec. Docs. 262, 267, and 282),

**IT IS ORDERED** that the motion (Rec. Doc. 263) is **DISMISSED WITHOUT PREJUDICE** to refile upon satisfaction of 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.

I. **LAW AND ANALYSIS**

   **A. Exhaustion of Administrative Remedies**

A motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) may be granted only if filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ." 18 U.S.C. § 3582(c)(1)(A). If the defendant can show that he exhausted all administrative remedies, the court may reduce the defendant's term of imprisonment upon a finding that "(i)

1

extraordinary and compelling reasons warrant such a reduction" and "(ii). . .such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Fifth Circuit held that Section 3582(c)(1)(A)'s exhaustion requirement is a "mandatory claim-processing rule." *United States v.* Franco, 973 F.3d 465, 468 (5th Cir. 2020). A defendant's failure to exhaust can be "a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020). However, "courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020)(per curiam).

On June 23, 2020, defendant asserts that he submitted a request for a sentence reduction to his work supervisor Lieutenant Allen at his facility. Rec. Doc. 272 at 2. Per defendant, Lieutenant Allen handed defendant's request to his unit manager, who had verbally confirmed to defendant that he received the request. *Id.* Defendant states that in late July 2020, his counselor told Lewis that he was in possession of his BP-9 request and that it would be forwarded to the administrative coordinator because requests at his facility no longer go to the warden. *Id.* Although defendant does not provide any proof that the administrative

2

coordinator received his request, he maintains that he has exhausted his administrative remedies. *Id.*

The government refutes defendant's assertion that he submitted his request by providing a record of Lewis' administrative remedy history. Rec. Doc. 271-1. The government notes that there is no record that defendant made an administrative request for compassionate release based on COVID-19. Rec. Doc 271 at 8.

In *Dinet*, the defendant similarly claimed to have exhausted his administrative remedies absent any evidence that a request was made to the warden of his facility. *United States v. Dinet*, No: 18-157, 2020 WL 4544482, at *2 (E.D.La. Aug. 6, 2020)(Milazzo, J.). Because the defendant could not show that he fully exhausted his administrative rights, the motion was not properly before the court. *Id.* Also in *Vedros*, the defendant stated that he submitted a request to the warden but did not provide any supporting documentation. *United States v. Vedros*, No. 14-237, 2020 WL 2838589, at *2 (E.D.La. June 1, 2020)(Africk, J.). Because there was no record of defendant's request and BOP confirmed that no request was received, this Court dismissed his motion for failure to meet the statutory requirement. *Id.*

The Court is without authority to consider Lewis' motion for compassionate release because he has neither demonstrated that he fully exhausted his administrative remedies nor that thirty days

3

has passed since BOP's receipt of his internal request. Defendant's claim that he submitted a request to prison officials without written confirmation as such is insufficient proof of exhaustion.

**B. Extraordinary or Compelling Reasons**

1. Defendant's Health Conditions

Even if we were to reach the merits of defendant's motion, defendant does not raise any extraordinary or compelling reasons to justify a sentence reduction. Where the defendant seeks compassionate release on the basis of his underlying medical conditions, "extraordinary and compelling" reasons exist when the defendant, who does not pose a danger to the community, is suffering from a terminal illness[1], a serious physical or medical condition, serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of age that substantially diminishes the defendant's ability to provide self-care. *United States v. Henderson*, No. 11-271, 2020 WL 2850150, at *2 (E.D.La. June 2, 2020)(Milazzo, J.)(citing U.S.S.G. 1B1.13).

Defendant argues that he is an eligible candidate for compassionate release because he suffers from hypertension, anxiety disorder, moderate asthma, and tuberculosis that has diminished his lung capacity. Rec. Doc. 267 at 4.

---

[1] The Sentencing Commission included the following examples of a "terminal illness": metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia. *See* U.S.S.G. 1B1.13.

4

The Fifth Circuit found that a defendant's hypertension was not extraordinary because it is commonplace among Americans and can be managed with proper medication. *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021). Additionally, this Court often considers the quality of medical care an inmate receives in response to his reported ailments. *United States v. Wilfred*, No. 07-351, 2020 WL 4365531, at *4 (E.D.La. July 30, 2020)(Africk, J.)(defendant's medical records indicated that he was receiving continuous treatment and medication to manage his hypertension); *United States v. Mazur*, 457 F.Supp.3d 559, 563 (E.D.La. 2020)(Africk, J.)("Notably absent from Mazur's motion is any assertion that the BOP is not providing him with adequate medical care."); *United States v. Reed*, 464 F.Supp.3d 854, 861 (E.D.La. June 2, 2020)(Fallon, J.)("It is also not clear to the Court that Reed's medical problems 'substantially diminish' his ability to provide self-care within his correctional facility. . .In fact, it appears that Reed has consistently received prompt care for his medical issues whenever they arise.").

A review of defendant's medical records would indicate that Lewis receives regular treatment for his various conditions, including an initial consultation and follow up visits in August for his chest pain and anxiety. Rec. Doc. 272-1 at 5-8, 10-14. It also appears that Lewis has been prescribed medication for his blood pressure, migraines, and anxiety and can request a refill

5

without issue. *See generally* Rec. Doc. 272-1. Consistently throughout the records, Lewis is reportedly alert, oriented, and responsive to the medical examiner's questions. *Id.*

Defendant's underlying health appears to be well-controlled and does not affect his ability to render self-care. Therefore, we do not find that an extraordinary or compelling reason exists on the basis of Lewis' health concerns alone.

### 2. Defendant's Mother's Health Conditions

Notwithstanding defendant's own health issues, his mother Joy Lewis also submits supplemental materials to the Court, requesting that her son be released to assist with her care. Rec. Doc. 282. Mrs. Lewis states that she became totally disabled on September 6, 2020 and was brought under the care of her daughter in late December 2020. *Id.* at 2. Due to her daughter's work schedule as a military drill sergeant, Mrs. Lewis indicates that she is often without proper care, including meals or "get[ting] cleaned up", until her daughter returns in the evening. *Id.* Mrs. Lewis also attaches photos of her medication and wheelchair. *Id.* at 3-17.

When a defendant requests a sentence reduction based on family circumstances, subsection (B) of the policy statement states that extraordinary and compelling circumstances may arise from "(i) [t]he death or incapacitation of a caregiver of the defendant's minor child or minor children or (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would

6

be the only available caregiver for the spouse or registered partner." *United States v. Sam*, No. 17-83, 2020 WL 3415771, at *3 (E.D.La. June 22, 2020)(Morgan, J.)(citing U.S.S.G. § 1B1.13, cmt. n.1(C)(i)-(ii)(U.S. Sentencing Comm'n 2018)). Although the policy statement does not expressly apply to a defendant's parent, courts have applied the category to parents "when a defendant is the only available caregiver for an incapacitated parent, which is a more unique occurrence given that inmates may have siblings or other family members able to care for their parents." *Id.* (internal quotes omitted)(citing *United States v. Bucci*, 409 F.Supp.3d 1, 2 (D.Mass. 2019)).

In *Sam*, the defendant requested a reduction in sentence so that he may care for his children, mother, and grandmother. *Id.* However, the court found that the defendant did not meet his burden of producing any evidence that his mother and grandmother were incapacitated and that he was the only potential caregiver. *Id.*

It is unclear exactly what Mrs. Lewis suffers from that has rendered her disabled, but the Court can reasonably presume that she requires at least some assistance in achieving daily tasks. Although Mrs. Lewis indicates that her daughter is unable to meaningfully care for her amidst her work responsibilities, she omits any mention of her other son Samuel Nicholas III and whether he would be able to serve as her caregiver. *See* Rec. Doc. 122 at 11. Therefore, because the defendant's mother failed to show that

7

defendant is the only potential caregiver, extraordinary and compelling family circumstances do not exist to justify a sentence reduction.

### 3. Safety to Others and the Community

Lastly, even if we were to find extraordinary and compelling reasons existed to grant compassionate release, defendant failed to meet his burden that he would not pose a danger to the community upon his release. To obtain compassionate release, the defendant must "demonstrate that he 'is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g).'" *United States v. Reed*, 464 F.Supp.3d 854, 860 (E.D.La. 2020)(Fallon, J.). "Section 3142(g) requires the court to consider factors such as the nature and circumstances of the charged offense, the history and characteristics of the defendant, and the nature of seriousness of the danger to a person or the community at large posed by the defendant's release." *Id.*

In *Wilfred*, this Court considered the defendant's criminal history that included numerous state and federal drug offenses, an attempt to evade arrest, and firearms that were retrieved from his car and held that "the nature and circumstances of this offense combined with Wilfred's criminal history demonstrate that he would be a danger to the community if released." *Wilfred*, 2020 WL 4365531, at *6.

Here, defendant has a serious criminal history, including a manslaughter conviction. Rec. Doc. 271 at 22. Within two years of his release for that crime, defendant was arrested and convicted of attempted possession with intent to distribute a controlled substance within 1,000 feet of a school. *Id.* Two years following defendant's release for that conviction, defendant committed the instant offenses wherein he was found guilty of one count of conspiracy to distribute 100 grams or more of heroin and one count of distribution of 100 grams or more of heroin. *Id.* at 1, 22.

Defendant seeks to mitigate the seriousness of his prior convictions by pointing to the fact that they were committed over 29 years ago. Rec. Doc. 272 at 9-10. Notably, defendant acknowledges that his sentence reflects an upward variance based on his recidivism that was intended to "respect the law and protect the public from future crimes." *Id.* at 10. Still, defendant hopes to impress upon the Court that he would not pose any danger by providing letters from Lieutenant Allen and Case Manager Kevin Washington, both of whom claim that Lewis has been a model inmate. Rec. Doc. 262 at 3-4.

Although defendant's good conduct while in custody is one factor that weighs in his favor, he nevertheless fails to meet his burden. Irrespective of when defendant committed his prior offenses, his criminal history demonstrates a tendency toward

recidivism that would preclude us from granting compassionate release at this time.

New Orleans, Louisiana this 26th day of March, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE