**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 09-184** |
| **KEVIN LEWIS** | **SECTION B** |

<u>**ORDER AND REASONS**</u>

Before the court are petitioner Kevin Lewis' motion to reduce sentence pursuant to the First Step Act ("FSA") (Rec. Doc. 286), the government's response in opposition (Rec. Doc. 290), petitioner's reply to the government's response (Rec. Doc. 291), and supplemental post-hearing briefings from all parties (Rec. Docs. 299-300).

After hearing and further consideration of applicable law and record materials, **IT IS ORDERED** that petitioner's motion to reduce sentence is **DENIED.**

### I.   <u>FACTS AND PROCEDURAL HISTORY</u>

On June 2, 2010, a jury convicted defendant Kevin Lewis of one count of conspiracy to distribute heroin and one count of distribution of heroin. Rec. Doc. 82 at 1. On September 1, 2010, defendant received a sentence of 360 months of imprisonment on each count, to be served concurrently, and 8 years of supervised release. *Id.* at 2.

On September 9, 2010, defendant appealed the district court's decision to the United States Fifth Circuit, seeking to overturn

1

the final judgment of guilty. Rec. Doc. 83 at 1. On September 22, 2011, the Fifth Circuit affirmed defendant's convictions but vacated his sentence, remanding for resentencing because of the government's failure to prove to a legal certainty that defendant's prior manslaughter conviction qualified as a crime of violence. Rec. Doc. 102 at 7. On February 8, 2012, the Court conducted a resentencing hearing and reimposed the same sentence of 360 months of imprisonment on each count, to be served concurrently, and 8 years of supervised release. Rec. Doc. 114 at 2. On February 13, 2012, he once again appealed his sentence. Rec. Doc. 115 at 1. On November 30, 2012, the Fifth Circuit affirmed defendant's sentence, ruling that the Court did not abuse its discretion in imposing a sentence of 360 months. Rec. Doc. 127-1 at 7. Subsequently, defendant filed a writ of certiorari, which was denied by the United States Supreme Court on March 4, 2013. Rec. Doc. 129 at 1.

On August 13, 2020, petitioner Lewis filed a motion for compassionate release, asserting personal medical reasons and his mother's medical condition as a basis for his motion. Rec. Doc. 263 at 1. On March 26, 2021, this Court denied that motion, finding no extraordinary or compelling reason for release based on petitioner's health concerns or his mother's health condition. Furthermore, an early release posed a concern for dangerousness due to repetitive criminal history and circumstances of instant

2

serious offenses. *United States v. Lewis*, No. 09-184, 2021 WL 1172538 (E.D. La. Mar. 26, 2021); Rec. Doc. 283 at 6-8. However, Mr. Lewis was given an opportunity to file a motion for reduction of sentence upon satisfaction of 18 U.S.C. § 3582(c)(1)(A)(i). Rec Doc. 283 at 10. On September 24, 2021, he filed the instant motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Rec. Doc. 286. On November 9, 2021, the government filed an opposition to the motion. Rec. Doc. 290. On November 12, 2021, Lewis filed a reply in support of his motion. Rec. Doc. 293.  In response to court direction during a hearing with defendant and all counsel of record, parties submitted supplemental information about caregiving services to defendant's mother. Rec. Docs. 295, 296, 299, 300.

## II.  LAW AND ANALYSIS

### A. Exhaustion of Administrative Remedies

It is undisputed that more than 30 days have passed since petitioner submitted his request for compassionate release to the warden. Rec. Doc. 290 at 4. The request was submitted on June 7, 2021, however, the warden failed to timely respond. It wasn't until October 20, 2021 that the warden, at the government's request, decided to file a response. *Id.* The Government admits that the warden mistakenly failed to process defendant's request within 30 days of its filing. *Id.* Thus, exhaustion of administrative remedies

has been shown. 18 U.S.C. § 3592; *see United States v. Bennett*, 2021 WL 4774914, at *2 (E.D. La. 10/13/21).

### B. Extraordinary or Compelling Reasons

18 U.S.C. § 3582(c)(1)(A) provides that a court may not modify a term of imprisonment unless a motion is made after the prisoner has exhausted his administrative remedies and the court has considered the Section 3553(a) factors. *United States v. Reed*, 464 F. Supp. 3d 854, 857 (E.D. La. 2020). The Sentencing Commission identified four "extraordinary and compelling reasons" that may warrant a sentence reduction: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons." U.S.S.G. §1B1.13 cmt. n.1(A)-(D); *see Bennett*, 2021 WL 4774914, at *2.  The defendant bears the burden in demonstrating "extraordinary and compelling reasons." *Id. (citing United States v. Jones*, 836 F.2d 896, 899 (8th Cir. 2016)).

Here, Mr. Lewis argues via counsel that familial circumstances present "extraordinary and compelling reasons" that warrant a sentence reduction. *See generally* Rec. Doc. 286. When a request for sentence reduction is based on family circumstances, subsection (B) of the policy statement states that extraordinary and compelling circumstances may arise from "(i)[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only

4

available caregiver for the spouse or registered partner." *United States v. Sam*, No. 17-83, 2020 WL 3415771, at *3 (E.D. La. June 22, 2020) (citing U.S.S.G. § 1B1.13, cmt. N.1(C)(i) U.S. Sentencing Comm'n 2018)). Courts have utilized this criterion when considering a defendant's claim of being the **only** available caretaker for an incapacitated parent, "which is a more unique occurrence given that inmates may have siblings or other family members able to care for their parents." *Id.* (internal quotation omitted) (citing *Untied States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019)).

In *Untied States v. Bucci*, the court held that the petitioner's "role as the only potential caregiver for his ailing mother was an 'extraordinary and compelling reason' for compassionate release." 409 F. Supp. 3d at 2. The Court relied on documents submitted by the petitioner demonstrating his rehabilitation through his incarceration, "including ... devoting much of his time to care for terminally ill inmates." *Id.* at 2-3.

However, "[d]istrict courts in the Fifth Circuit have repeatedly declined to follow the *Bucci* decision where, as here, the defendant has failed to offer evidence that a family member is in fact incapacitated or that the defendant is the only available caretaker." *United States v. Rodriguez,* No. 2:15-217-1, 2021 WL 1978830, at *2 (S.D. Tex. May 17, 2021); *see also Sam*, 2020 WL 3415771, at *3 (denying defendant's motion because defendant

failed to prove that he was the only available caretaker); *United States v. Nevers,* 2019 WL 7281929, at *6 (E.D. La. Dec. 27, 2019)(finding that the defendant did not prove she was the only available caretaker); *United States v. Mooneyham*, No. 6:08-01, 2021 WL 4087054, at *4 (S.D. Tex. Sept. 8, 2021)(denying motion based on the lack of evidence that defendant's wife is ill or incapacitated, and because petitioner had two adult daughters who could act as caretakers). Furthermore, in *United States v. Nevers*, this Court found "there ha[d] been no new change in circumstances that might now warrant petitioner's early release" given petitioner's mother was elderly and had ailing health problems before the petitioner was sentenced. *Nevers*, 2019 WL 7281929, at *6. *See e.g., United States v. Tyler*, No. 09-391, 2021 WL 736467, at *4 (E.D. La. Feb. 25, 2021); *United States v. Bowyer*, No. 16-96, 2020 WL 5942195, at *2 (E.D. La. Oct. 7, 2020) (Compassionate release to care for incapacitated family member is justified only in "extreme situations.").

In denying the initial motion for compassionate release, the record needed clarification on the nature of Mrs. Lewis' disability, and why certain other family members could not care for her, e.g. Samuel Nichols III, her other son. Rec. Doc. 283 at 7-8. Upon filing a renewed motion for release or reduction of sentence, defendant has provided evidence to show that Mrs. Lewis

is incapacitated. Rec. Doc. 299-1.[1] Defendant argues Samuel Nicholas, III and his mother "had no contact in years." Rec. Doc. 293 at 2. Defendant further claims that his daughter is unable to serve as Mrs. Lewis' caretaker because his daughter is "employed at a hospital" and cannot provide the level of care that Mrs. Lewis requires. *Id.* Thus, defendant maintains that he is the only available caretaker who can provide the "around the clock care" for his mother. *Id.* at 3, *see Rodriguez*, 2021 WL 1978830, at *1.

While the Court is sympathetic to the difficulty of balancing a full-time job and providing care for one's incapacitated relative, the record shows an extended period when petitioner's sister and daughter provided care for Mrs. Lewis, including now via the sister. *See Nevers*, 2019 WL 7281929, at *6; *Mooneyham*, 2021 WL 4087054, at *4; *Sam*, 2020 WL 3415771, at *3; *Rodriguez*, 2021 WL 1978830, at *2; *United States v. Burkett*, 2020 WL 5747872, at *2 (N.D. Tex. Sept. 25, 2020); *United States v. Smith*, No. 13-201, 2020 WL 6308345, at *3 (Oct. 28, 2020); *United States v. Tyler,* 2021 WL 736467, at *4 (Feb. 25, 2021); *United States v. Hudec*, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020). Like *Hudec*, Mr. Lewis acknowledges that his sister is currently caring for his mother and that he has a daughter. Rec. Doc. 293 at 2. He fails to show convincing evidence that his daughter's job negates

---

[1] However, Dr. Gentry's letter of August 12, 2021 is substantially the same as his letter of April 15, 2022.  Compare Rec. Docs. 286-2 and 299-1.  The April 2022 letter should have been sent directly to the court per the order at record document 296.

ability to care in any degree for her grandmother. His mother has been cared for by his sister for over a year, albeit with difficulty due to the sister's service as a Drill Sergeant in the United States Army. Rec. Doc. 299-1. There is no record from the Army of a response to the sister's request for assistance to care for their mother. Rec. Doc. 286-3. Her request also stated that her "chain of command has been very supportive during this time." Id. She further states, there is no "military assistance … my mom is not a veteran. I do not want to put my mom back in the nursing home…." Rec. Doc. 299-2 (Emphasis added). The latter statement suggests an additional source of care for the mother that was once utilized. Thus, unlike *Bucci*, the instant record evidence fails to convince that Mr. Lewis is the only available caregiver for his mother. 2020 WL 4925675, at *5.

**C. Safety to Others and the Community**

Finally, even if extraordinary and compelling reasons exist to grant compassionate release or reduction, section 3582 requires consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3142(g) lists pertinent factors such as the nature and circumstances of the charged offense, the history and characteristics of the defendant, and the nature of the seriousness of the danger to a person or the community at large posed by the defendant's release. 18 U.S.C. § 3142(g); *see also Reed*, 464 F. Supp. 3d at 860.

Mr. Lewis recites post-conviction good prison conduct to support compassionate release. Rec. Doc. 293 at 3-4. He has earned a college certificate from Holmes Community College, tutored G.E.D. Classes and co-created the decoding recidivism program at Yazoo City detention center, served as a mentor of youth programs, and has served as an inmate suicide companion for eight years. Rec. Doc. 268 at 3. There is no record of disciplinary infractions during his 12 years of incarceration or history of violence during the latter period. *Id.* at 3; *see also Reed*, 464 F. Supp. 3d at 860. Lewis has also presented an August 4, 2020 memorandum of support from a K. Washington, Case Manager at the Federal Correctional Complex in Yazoo City, Mississippi. Rec. Doc. 286-6 at 2;[2] *See also Reed*, 464 F. Supp. 3d at 860 (considering the input from petitioner's friends and family in granting petitioner's release). The Case Manager's memorandum is convincing proof that Lewis has laid the path for a positive lifestyle change that should aid his reentry into the general population.

Nevertheless, petitioner's criminal history, the serious nature of his offenses, and related temporal circumstances must still be weighed with all other sentencing factors. See *Sam*, 2020

---

[2] Excerpt from that memorandum states: "Mr. Lewis, Register Number 31106-034, has been incarcerated in the Federal Bureau of Prisons since July 1, 2009. He is currently housed at the Federal Correctional Complex, Low, Yazoo City, Mississippi. He has a Projected Release Date of January 23, 2035 via Good Conduct Time Release. He has been on Bravo 4 caseload since October 28, 2015. Since that time he has been a model inmate and has completed all courses his Unit Team has recommended. He has never received an Incident Report throughout his incarceration and receives Good work evaluations. He has advised his Unit Team that he is requesting a Commutation of his Sentence. His Unit Team is in full support of Mr. Lewis receiving this sentence reduction."

WL 3415771, at *6. As the Court has previously noted, a manslaughter offense along with petitioner's history of recidivism are weighty factors that on balance with above-noted good prison conduct defeat relief. Despite commendable prison conduct and the age of prior convictions, a previously noted pattern of committing offenses within a two-period of release from prison sentences for serious felonies further negates early release in this instance. *See United States v. Lewis*, 496 F. App'x 425, 428-29 (5th Cir. 2012); Rec. Doc. 127-1, pp. 5-7. Additionally, granting this motion would effectively reduce the sentence by approximately 60%, which would "not reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his offense, or afford adequate deterrence to criminal conduct." *See Sam,* 2020 WL 3415771, at *6 (noting that petitioner would only serve 42% of his sentence if the court granted a motion for compassionate release).

New Orleans, Louisiana this 29th day of August 2022

_____

SENIOR UNITED STATES DISTRICT JUDGE