UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 09-184** |
| **KEVIN LEWIS** | **SECTION "B"** |

## ORDER AND REASONS

Considering defendant Kevin Lewis's motion to correct presentence report (Rec. Doc. 304) and the government's response (Rec. Doc. 313),

**IT IS HEREBY ORDERED** that defendant's motion (Rec. Doc. 304) is **DISMISSED WITHOUT PREJUDICE**.

On June 2, 2010, defendant Kevin Lewis was convicted by a jury of conspiracy to distribute 100 grams or more of heroin and of aiding and abetting in the distribution of 100 grams or more of heroin. Rec. Doc. 67-4. At sentencing, Lewis objected to the determination of a prior manslaughter conviction constituting a crime of violence and, thereby, establishing him as a career offender. *See* Rec. Doc. 81. Lewis's objection was overruled, and he was sentenced to 360 months on each count, to be served concurrently. *See id.*; Rec. Doc. 82. On appeal, the Fifth Circuit agreed with Lewis, as they "[could] not identify with legal certainty under which portion of the Louisiana manslaughter statute Lewis was convicted." *United States v. Lewis*, 442 F. App'x 88, 95 (5th Cir. 2011). The appellate court reversed the career offender enhancement determination, vacated Lewis's sentence, and remanded the case for resentencing. *Id.* at 99. At resentencing, without consideration of the career offender enhancement, Lewis was sentenced to 360 months on each count, to be served concurrently. Rec. Doc. 114.

In preparation for resentencing, a presentence report ("PSR") was prepared, indicating that Lewis was no longer considered a career criminal or to have committed a crime of violence. The

1

government includes the PSR addendum as a sealed attachment to its response to the instant motion. Rec. Doc. 313-2. Lewis contends, however, that the Bureau of Prisons ("BOP") never updated its internal records to reflect his changed status. *See* Rec. Doc. 304-2 at 2. Lewis avers his record's listing a crime of violence impacts various aspects of his incarceration: "The BOP uses information in an inmate's PSR to: score their criminal history; history of violence; recidivism risk; eligibility for certain jobs or programs; and Halfway House placement." *Id*.

**In its response, the government agrees with Lewis's contentions.** *See* **Rec. Doc. 313 at 2.** "On April 24, 2024, in response to Lewis' filing, the undersigned forwarded a copy of the second supplemental PSR to an attorney advisor with the Bureau of Prisons for consideration by his Unit Team and counselor." *Id*.; *see also* Rec. Doc. 313-3. The updated information was entered into the BOP database and resulted in Lewis's status as a "minimum custody inmate." Rec. Doc. 313 at 2; *see also* Rec. Doc. 313-3. **Accordingly, "Lewis' Case Manager submitted a request to transfer him to a minimum-security facility."** *Id.* **Due to the government's actions, Lewis has been provided the relief he sought.** Therefore, the instant motion must be dismissed without prejudice.

IT IS FURTHER ORDERED that defendant's motion for leave to supplement his motion to correct presentence report (Rec. Doc. 310) is **DISMISSED AS MOOT**, based on the foregoing reasons.

New Orleans, Louisiana this 3rd day of May, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE